IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.<br>201 Gibraltar Road, Suite 150<br>Horsham, PA 19044<br>   Plaintiff,<br> v.<br>ART TERRILL<br>5015 N. Gates Avenue<br>Fresno, CA 93722<br>   Defendant. | CIVIL ACTION<br><br>No. |

## COMPLAINT

1. Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2. Defendant, Art Terrill ("Terrill"), is an adult individual who is a citizen of the State of California with a principal place of business at 5015 N. Gates Avenue, Fresno, CA 93722.

3. This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

4. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

## BACKGROUND

5. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

7. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

9.    ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10.   On March 20, 2007, ATI and Defendant Terrill entered into a franchise agreement, pursuant to which Defendant was authorized to use and has used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 5015 N. Gates Avenue, Fresno, CA 93722 (the "Fresno Center"). A true and correct copy of this franchise agreement (the "**Fresno Franchise Agreement**") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

11.   On August 31, 2007, ATI and Defendant Terrill entered into a franchise agreement, pursuant to which Defendant was authorized to use and has used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 2040 Autopark Way, Escondido, CA 92029 (the "Escondido Center"). A true and correct copy of this franchise agreement (the "**Escondido Franchise Agreement**") is attached hereto, marked as Exhibit "B" and incorporated herein by reference.

12.   In March of 2008, ATI and Defendant Terrill entered into an amendment of franchise agreement, pursuant to which Defendant became the franchisee in connection with the operation of a pre-existing AAMCO Transmission Center located at 1144 S. Santa Fe Avenue, Vista, CA 92084 (the "Vista Center"). As the franchisee for the Vista Center, Defendant was authorized to use and has used the name and mark "AAMCO" in connection with the operation of the Vista Center. A true and correct copy of the franchise agreement that has since been

amended to include Terrill as the franchisee (the "**Vista Franchise Agreement**") is attached hereto, marked as Exhibit "C" and incorporated herein by reference.

13. On December 22, 2009, ATI and Defendant Terrill entered into a franchise agreement, pursuant to which Defendant was authorized to use and has used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 3905 Convoy Street, San Diego, CA 92111 (the "San Diego Center"). A true and correct copy of this franchise agreement (the "**San Diego Franchise Agreement**") is attached hereto, marked as Exhibit "D" and incorporated herein by reference.

14. The aforementioned franchise agreements with respect to Fresno, Escondido, Vista and San Diego are hereinafter collectively referred to as the "Franchise Agreements".

15. In December of 2009, in connection with maintaining the Franchise Agreements, Defendant executed the following Notes in favor of ATI:

   a. December 21, 2009: Promissory Note in the sum of $21,000 due and payable in 70 monthly payments of $300, unless prior thereto the Fresno Franchise Agreement was terminated for any reason, in which case the entire principal balance of Note would become due (the "Fresno Note"). A copy of the said Note is attached at Ex. "E";

   b. December 4, 2009: Promissory Note in the sum of $33,900 due and payable in 113 monthly payments of $300, unless prior thereto the Escondido Franchise Agreement was terminated for any reason, in which case the entire principal balance of Note would become due (the "Escondido Note"). A copy of the said Note is attached at Ex. "F"; and

   c. December 4, 2009: Promissory Note in the sum of $14,400 due and payable in 48 monthly payments of $300, unless prior thereto the Vista Franchise Agreement was terminated for any reason, in which case the entire principal balance of Note would become due (the "Vista Note"). A copy of the said Note is attached at Ex. "G".

The aforementioned notes executed by Defendant in favor of ATI with respect to the Fresno, Escondido and Vista Centers are hereinafter collectively referred to as the "Notes".

16. As provided under the Franchise Agreements, ATI shared with the Defendant its proprietary systems, information and trade secrets for operating a successful automotive repair business which ATI had developed over its more than 45 year history.

17. Defendant attended ATI's intensive owner training class and was provided ATI's proprietary manuals, customer lists and software.

18. In a letter dated November 12, 2010, ATI placed Defendant on notice that he was in breach of the San Diego Franchise Agreement, and other agreements, for failure to pay sums due and owing to the San Diego advertising pool as required by Section 11.2 of the San Diego Franchise Agreement. A true and correct copy of the said demand letter is attached hereto at Exhibit "H".

19. In response, Defendant failed and refused to cure this breach.

20. In a letter dated December 9, 2010, ATI notified Defendant that, based on his failure to cure the payment default, the San Diego Franchise Agreement was terminated for cause. A true and correct copy of the said termination letter is attached hereto at Exhibit "I".

21. Thereafter, commencing on or about January 1, 2011, Defendant informed ATI that he had unilaterally rejected and terminated all of the Franchise Agreements and no longer considered himself bound by any of the Franchise Agreements. Defendant has ceased reporting sales and paying franchise fees to ATI.

22. Section 19.2 of the Franchise Agreements, entitled "Effect of and Procedures after Termination," provides in pertinent part that upon termination of the franchise for any reason, Defendant shall:

   a. promptly pay AAMCO all amounts due and owing under this Agreement;
   b. immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified

or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO; and

c. thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center.

23. Section 15 of the Franchise Agreements, entitled "Telephone Service," provides in pertinent part that:

a. Franchisee acknowledges and agrees that all published telephone numbers and directory listings for the Center are the property of AAMCO. Franchisee may not make any changes to the local carrier, service or account name without the prior written authorization of AAMCO.

b. AAMCO may transfer, suspend or remove Franchisee's telephone service for any published telephone numbers appearing under the AAMCO trade name or trademarks in directory listings, advertising and yellow pages advertising in the event of [] termination, rejection, expiration or rescission of this Agreement.

24. Despite the termination and rejection of the Franchise Agreements and any further authority to continue in business under and the use of the AAMCO name, Defendant has refused to take the actions required by Section 19.2 of the Franchise Agreements to remove the AAMCO name and trademark from the Centers and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, has continued to operate the Centers under the name and style "AAMCO Transmissions", to hold himself out to be an authorized AAMCO franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever. Further, Defendant has failed and refused to turn over the AAMCO advertised telephone numbers for any of the Centers and continues to use the AAMCO advertised telephone numbers at each of the Centers.

25. Prior to unilaterally terminating and rejecting the Franchise Agreements, Defendant accumulated a substantial balance due under each of the Franchise Agreements, which balances remain unpaid.

26. Since unilaterally terminating and rejecting the Franchise Agreements, Defendant has not paid the balances due under the Notes.

## COUNT I - TRADEMARK INFRINGEMENT

27. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 26 above.

28. Defendant has unilaterally terminated and rejected the Fresno, Escondido and Vista Franchise Agreements, and as a result, has extinguished any contractual right he may have had to use ATI's marks at these Centers.

29. Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of these Franchise Agreements which require Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

30. Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the former Center locations.

31. Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

32. Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

33. The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

34. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

35. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

36. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Centers for the period since the termination of the Franchise Agreements, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II - BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

37. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 36 above.

38. As a result of the termination of Defendant's franchises, ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreements, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

39. Although Defendant's franchises have been terminated, Defendant continues to operate transmission repair businesses at the Escondido, Vista and Fresno former Center locations using ATI's AAMCO trademark in violation of the Franchise Agreements and in violation of ATI's trademark rights as stated in Count I above.

40. Defendant has misappropriated the goodwill generated under the AAMCO name by using the same phone numbers advertised in the telephone yellow pages and other media as has been previously advertised and in use under the AAMCO name.

41. Defendant's failure to honor the procedures after termination stated in Section 19.2 of the Franchise Agreements interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in these markets, causing ATI irreparable harm.

42. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination is ordered and injunctive relief granted to restrain Defendant's continuing wrongful conduct, ATI will continue to suffer irreparable harm.

## COUNT III - COMMON LAW UNFAIR COMPETITION

43. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 42 above.

44. Defendant's conduct is in violation of the common law of unfair competition in that he is:

   (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Escondido, Vista and Fresno Centers;

(b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business at the Escondido, Vista and Fresno Centers; and,

(c) Representing to the public that the business conducted at these Centers has ATI's approval, which it does not.

45. These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Centers; and with the intention of deceiving and misleading the public.

46. Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

47. ATI is without an adequate remedy at law.

## COUNT IV – BREACH OF FRANCHISE AGREEMENTS – MONEY DAMAGES

48. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 47 above.

49. The Franchise Agreements require that the Defendant pay to ATI a weekly franchise fee calculated at seven and one-half percent (7 ½ %) of the gross receipts at the corresponding Center for the preceding week.

50. Pursuant to the Franchise Agreements, the franchise fee is to be accompanied by a weekly business report in the form provided by ATI.

51. Pursuant to the Franchise Agreements, Defendant is required to pay ATI his proportionate share of the cost of creating certain advertising, in accordance with formulas provided by the AAMCO National Creative Committee.

52. Pursuant to the Franchise Agreements, Defendant is required to participate in the ATI warranty program and pay certain intershop costs and labor rates in connection with honoring warranties issued to Defendant's customers.

53. Pursuant to the Franchise Agreements, ATI provided certain parts, equipment and supplies through its Parts Department on credit. Defendant availed himself of this service.

54. As part of the Franchise Agreements, Defendant subscribed to ATI's proprietary business software (FOCUS™).

55. Pursuant to the Franchise Agreements, Defendant is required to pay late charges to ATI in the amount of one and one-half percent (1-1/2%) of the average unpaid balance per month.

56. Pursuant to the Franchise Agreements, ATI has the right to estimate franchise fees due from missing required weekly business reports, based on an arithmetic average of Defendant's weekly gross sales reported to ATI over a number of previous weeks as determined by ATI. Defendant has failed to submit business reports as required under the Franchise Agreements.

57. Defendant has accrued debts to ATI under the Franchise Agreements, which debts Defendant has failed to pay.

58. Defendant's failure to pay under each Franchise Agreement is a breach of that respective Franchise Agreement.

59. Defendant's unpaid account balances accrued under the Franchise Agreements are calculated as follows:

<u>Fresno Franchise Agreement</u>

| | |
|---|---:|
| Franchise Fees | $ 00.00 |
| National Creative Advertising | 150.00 |
| Intershop | 243.52 |

| | |
|---|---|
| Parts Account | 00.00 |
| Recoverable Expense | 00.00 |
| 1 800 GO AAMCO | 00.00 |
| National Internet | 00.00 |
| FOCUS | 00.00 |
| Interest | 312.67 |
| Estimated Franchise Fees Due on Missing Reports | 6,324.25 |
| **TOTAL** | **$ 7,030.44** |

Escondido Franchise Agreement

| | |
|---|---|
| Franchise Fees | $ 2,124.67 |
| National Creative Advertising | 600.00 |
| Intershop | 00.00 |
| Parts Account | 45.95 |
| Recoverable Expense | 3,383.28 |
| 1 800 GO AAMCO | 64.94 |
| National Internet | 00.00 |
| FOCUS | 473.56 |
| Interest | 988.40 |
| Estimated Franchise Fees Due on Missing Reports | 15,293.25 |
| **TOTAL** | **$ 22,974.05** |

Vista Franchise Agreement

| | |
|---|---|
| Franchise Fees | $ 00.00 |
| National Creative Advertising | 150.00 |
| Intershop | 00.00 |
| Parts Account | 45.95 |
| Recoverable Expense | 2,804.40 |
| 1 800 GO AAMCO | 123.05 |
| National Internet | 00.00 |
| FOCUS | 538.31 |
| Interest | 2,471.04 |
| Estimated Franchise Fees Due on Missing Reports | 12,767.57 |
| **TOTAL** | **$18,362.01** |

60.  Defendant's failure to pay his account balances owed to ATI under the Franchise Agreements have damaged ATI in the above calculated amounts.

61.  Pursuant to Section 11.2 in each of the Franchise Agreements, Defendant is obligated to participate and pay for advertising programs with other franchisees in his market

area and agreed that, if he failed to pay the amounts due to his local advertising group, then ATI would have the right to recover such sums from him.

62. As of February 8, 2011, in breach of the Franchise Agreements, Defendant has failed to pay the San Diego AAMCO Dealers Cooperative Association, Inc. (the "Advertising Pool") as follows:

|  |  |
|---|---|
| Escondido Center: | $ 20,470.50 |
| Vista Center: | $ 19,964.00 |
| San Diego Center: | $ 17,483.25 |

63. As a result of the said breaches, ATI has been damaged and Defendant has been unjustly enriched.

64. Defendant's unilateral decision to terminate and reject the Fresno, Escondido and Vista Franchise Agreements – each of which having a fifteen (15) year initial contract term – is in breach of these Franchise Agreements.

65. As a result of Defendant's breach of the Fresno, Escondido and Vista Franchise Agreements, ATI has been deprived of the franchise fees it would have otherwise collected during the remaining terms of those Franchise Agreements.

66. Accordingly, ATI is entitled to recover as damages its lost future franchise fees from the Fresno, Escondido and Vista Centers.

## COUNT V – BREACH OF CONTRACT – NOTE DEFAULTS

67. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 66 above.

68. Upon the termination and rejection of the Fresno Franchise Agreement by Defendant, the unpaid balance of the Fresno Note totaling $11,700 became immediately due and payable.

13

69. Upon the termination and rejection of the Escondido Franchise Agreement by Defendant, the unpaid balance of the Escondido Note totaling $24,900 became immediately due and payable.

70. Upon the termination and rejection of the Vista Franchise Agreement by Defendant, the unpaid balance of the Vista Note totaling $7,200 became immediately due and payable.

71. Notwithstanding ATI's demands for payment, Defendant has refused, and continues to refuse to pay off any of the Notes, whose unpaid balances together total $43,800.

72. As a result of Defendant's breach of the Notes, ATI has been damaged.

## COUNT VI – COSTS AND ATTORNEYS' FEES

73. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 73 above.

74. Pursuant to Section 26.3 of the Franchise Agreements, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

75. Pursuant to the express language in each of the Notes, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

76. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

77. Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

78. Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT VII – DECLARATORY JUDGMENT

79. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 78 above.

80. Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S.A. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

81. A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreements and as to the termination of said agreements.

82. Plaintiff did properly register, sell and enter into the Franchise Agreements with Defendant and obeyed all applicable laws. Neither Plaintiff, nor its agents, employees, brokers or representatives, have made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreements.

83. Plaintiff has performed all of its obligations under the Franchise Agreements and has not negligently or willfully caused any damage to Defendant.

84. Plaintiff has properly determined that Defendant was in violation of his San Diego Franchise Agreement.

85. Pursuant to the Franchise Agreements, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

86. Plaintiff has properly terminated the San Diego Franchise Agreement.

87. Defendant must comply with all provisions of Section 19.2 of the Franchise Agreement.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreements are valid, were properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreements, that Plaintiff did not

misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, that Plaintiff may terminate Defendant under the Franchise Agreements for one or more of the breaches described in the above set forth Counts of this Complaint, and that Plaintiff may remove the AAMCO advertised telephone numbers from each of the Centers.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.  That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

 (i) using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

 (ii) advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and

 (iii) doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B.  That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Defendant is an authorized franchisee of AAMCO.

C. That Defendant transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

D. That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Centers since the Franchise Agreements have been terminated and/or rejected and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

F. That ATI be awarded money damages for the injuries incurred to ATI as a result of the Defendant's contract breaches identified herein.

G. That the Court enter Declaratory Judgment that:

   i. Plaintiff did properly register, sell and enter into the Franchise Agreements with Defendant and obeyed all applicable laws;

   ii. Plaintiff has performed all of its obligations under the Franchise Agreements and has not negligently or willfully caused any damage to Defendant;

   iii. Plaintiff has properly determined that Defendant was in violation of his Franchise Agreements;

17

    iv.    Plaintiff has properly terminated the San Diego Franchise Agreement; and,

    v.    Defendant must comply with all provisions of Sections 19.2 of the Franchise Agreements.

H.    That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

*[signature]*

William B. Jameson
Attorney ID. # 58949 (PA)
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900